FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2008 SEP 24 A 7 37

R. Cook

CLYDE LAMB,

    Plaintiff,

v.

CIVIL ACTION NO.: CV208-061

Dr. JEFFERY GUNDERSON; THE GLYNN
COUNTY DETENTION CENTER,
MEDICAL DEPARTMENT; Officer H.
GERIDO; Officer DICKERSON; RON
CORBETT; LOUISE NEWSOME; TJ in
Mental Health, and DENTAL
DEPARTMENT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Newsome has failed to respond to the grievances he has filed in a timely and non-biased manner. The Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). "An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state

AO 72A
(Rev. 8/82)

action, and constitutionally inadequate process." Id. There is no right to a particular type of process in the handling of prison grievances. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Even if Defendant Newsome has not responded to Plaintiff's grievances in a manner Plaintiff wishes, this is not a cognizable claim pursuant to § 1983.

Plaintiff contends he was forced to contact Defendant Corbett, the undersheriff, in an attempt to get a pair of glasses his family sent him. A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff does not set forth any allegations against Defendant Corbett which reveal his constitutional rights were violated by Defendant Corbett's action or inaction.

Finally, Plaintiff contends he was not provided with medical care after he was assaulted and that untrained pod officers hand out medication at the Detention Center. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). These contentions are not related to the deliberate indifference claims Plaintiff set forth in his original Complaint, as amended. The Court will not permit Plaintiff to join unrelated claims in this cause of action.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Newsome and Corbett be **DISMISSED** for failure to state a claim upon which relief may be granted. It is also my **RECOMMENDATION** that Plaintiff's claims that he was denied medical care after being assaulted and that untrained personnel hand out medication be **DISMISSED**, without prejudice. Should Plaintiff wish to pursue these claims, he may do so by filing a separate Complaint. It is my further **RECOMMENDATION** that the "Glynn County Detention Center Medical Department" be **DISMISSED** as a named Defendant in this case.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE