In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV
2008 OCT 24 PM 12: 26
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| CLYDE LAMB, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DR. JEFFERY GUNDERSON; THE GLYNN COUNTY DETENTION CENTER, MEDICAL DEPARTMENT; OFFICER H. GERIDO; OFFICER DICKERSON; RON CORBETT; LOUISE NEWSOME; TJ, IN MENTAL HEALTH; and THE DENTAL DEPARTMENT, | : | |
| Defendants. | : | NO. CV208-61 |

## O R D E R

Plaintiff, Clyde Lamb, is currently incarcerated at the Glynn County Detention Center. Magistrate Judge James E. Graham has conducted a frivolity review of Plaintiff's complaint, pursuant to statute, and entered a Report and Recommendation in the case. Because the Court agrees with Judge Graham's conclusions, the Court will **ADOPT** the Report and Recommendation as the opinion of the Court.

In Lamb's complaint, he alleges that he filed twenty-five grievances over a period of nine months, which were ignored by jail officials. Dkt. No. 1 at 3. Although it is not a model of clarity, in a response to an order entered by

AO 72A
(Rev. 8/82)

the Magistrate Judge, Lamb suggested that Louise Newsome was the jail official who ignored his grievances.[1] Lamb does not allege any other wrongdoing by Newsome.

"A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).

As a matter of law, the mere failure of a prison official to investigate and respond to an inmate's grievances does not violate the due process clause, because ignoring prisoners' complaints does not pose a "significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Given that Lamb has invoked the judicial process, there is no indication that Newsome has "infringed his First Amendment right to petition the government for a redress of grievances." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th

---

[1] Actually, Lamb's response states that Newsome did not respond in a timely or non-biased manner to his grievances. Dkt. No. 16 at 2. Although Lamb does not state as much, this suggests that Newsome did respond in a tardy and/or unfair manner to his grievances. At this stage of the proceedings, the Court views the allegations in the light most favorable to Plaintiff, and assumes that Newsome did not respond to his grievances at all, as the complaint suggests.

Cir. 1996).

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

The only upshot of any failure to respond to Lamb's grievances is that such a failure could bar Defendants from relying on 42 U.S.C. § 1997e(a), which mandates that a prisoner must exhaust any available administrative remedies before filing a § 1983 claim with respect to his conditions of confinement. See Wilson v. VanNatta, 291 F. Supp. 2d 811, 819 (N.D. Ind. 2003). Thus, Lamb's claim against Newsome fails to state a claim upon which relief can be granted.

Further, Lamb's only allegation regarding Ron Corbett is that Lamb was "forced to write" Corbett. Dkt. No. 16 at 4. Lamb does not assert that Corbett violated his rights in any respect, and his claim against Corbett is due to be dismissed as well.

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation is adopted as the

3

opinion of the Court.

Lamb's claims against Newsome and Corbett are **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). Plaintiff's allegations that he was denied medical care after being assaulted and that untrained personnel handed out medication are **DISMISSED**, without prejudice. If Lamb desires to pursue these claims, he may file a separate complaint.

Pursuant to the Magistrate Judge's order of August 5, 2008, and Plaintiff's response, received by the Clerk on August 18, 2008, "the Glynn County Detention Center, Medical Department" is **DISMISSED** as a named Defendant. See Dkt. No. 15 at 3 & Dkt. No. 16. The Clerk is **DIRECTED** to correct the docket sheet to reflect that Plaintiff has also named "TJ, in Mental Health," and "the Dental Department" as Defendants in this case.

    **SO ORDERED**, this __24th__ day of October, 2008.

            _____
            JUDGE, UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)