IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE LAMB,

    Plaintiff,

v.

Dr. JEFFERY GUNDERSON;
HELEN GERIDO; JOLENE
DICKERSON; and the DENTAL
DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: CV208-061

## ORDER

Plaintiff Clyde Lamb ("Plaintiff"), who formerly was housed at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendants Jolene Dickerson and Helen Gerido ("Movants") filed a Motion for Summary Judgment. Plaintiff filed a Response, and Movants filed a Reply. For the following reasons, Movants' Motion is **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Gerido refused his requests to be seen by the medical staff at the Glynn County Detention Center. Plaintiff also contends that Defendant Dickerson would not retrieve his dentures or go to the property area to check on the whereabouts of his dentures.

Movants allege that Plaintiff fails to show they were deliberately indifferent to any serious medical needs Plaintiff may have had or that he had any serious medical needs. Movants also allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the

record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Movants contend that Plaintiff does not complain that he was experiencing any pain as a result of being without his dentures. Movants also contend that Plaintiff does not claim he suffered any ill effects as a result of Defendant Gerido's alleged refusal to take Plaintiff to the medical unit. However, Movants assert, Plaintiff received medical care while he was housed at the Glynn County Detention Center.

Plaintiff contends that he was involved in a fight with another inmate, was placed in the "hole", and did not receive medical treatment. Plaintiff contends that he told Defendant Dickerson about his glasses and dentures and received no response. Plaintiff asserts that Defendant Dickerson showed "flagrant" deliberate indifference toward Plaintiff by putting him in the "hole" and making him stay there longer than the sanction imposed. (Doc. No. 52, p. 2). Plaintiff alleges that he received no medical treatment, or the treatment was ineffective to meet his needs. Plaintiff also alleges that his gums bleed when he tries to chew his food, that he has bone fragments and a bullet still in his head and neck, and that he has fractured discs in his back.

"Claims involving the mistreatment of pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by

convicted prisoners." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citation and punctuation omitted). However, "decisional law involving prison inmates applies equally to cases involving pretrial detainees." Id. (internal punctuation omitted).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component,

the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. Harris, 941 F.2d at 1505.

Movants submitted copies of Plaintiff's medical records while he was housed at the Glynn County Detention Center. These records reveal that Plaintiff received medical attention on nine (9) occasions from October 21, 2007, until August 13, 2008. (Ex. A attached to Aff. of Jill Johnson, pp. 1-3, 5). These records also reveal that Plaintiff had "dental radiographs" on March 6, 2008. (Id. at 4).

Movants also submitted a Statement of Uncontested Material Facts. Movants contend that, although Plaintiff asserts that his medical requests were refused, he received medical care on at least nine (9) occasions while he was housed at the Glynn County Detention Center. Movants aver that Plaintiff does not contend, nor can he show, that they were deliberately indifferent to any serious medical need.

Movants filed evidence in support of their position that Plaintiff cannot prove the elements of his claims against them. In contrast, Plaintiff has submitted no evidence in opposition to the Motion which reveals the existence of genuine issues of material fact. Thus, Plaintiff has not met his burden. Plaintiff has not shown that he had serious medical needs and that Movants disregarded those needs. In short, there is no

evidence, as a matter of law, that Movants were deliberately indifferent to Plaintiff's alleged serious medical needs.

It is not necessary to address Movants' assertion that they are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, Defendants Dickerson's and Gerido's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims against Defendants Dickerson and Gerido are **DISMISSED**.

**SO ORDERED**, this 24th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE